IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BANZAI, INC.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-813 |
| | : | |
| **BRODER BROS., CO.** | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                                       May 7, 2009

Plaintiff Banzai, Inc. ("Plaintiff"), brings this action against Defendant Broder Bros., Co. ("Defendant"), for allegedly violating its copyrights in certain t-shirt designs. Now before the Court is Defendant's Motion for Summary Judgment as to Plaintiff's claim and as to Defendant's Counter-Claim (the "Motion"). For the reasons that follow, the Motion will be granted.

**I.   BACKGROUND**

The following facts are undisputed for purposes of the instant Motion: Plaintiff produces t-shirts in designs entitled the "USA Ultra Spiral Design" and the "Orange Ultra Spiral Design." Am. Compl. ¶¶ 5–7; Decl. of Louis Marks ¶ 10, attached to Resp. (hereinafter "Marks Decl."). Both the "USA Ultra Spiral Design" and the "Orange Ultra Spiral Design" are tie-dye fabric designs for use on t-shirts. Marks Decl. ¶¶ 3, 7, 12. Tie-dying is a process for decorating shirts in which the shirt is tied with rubber bands in a particular pattern and then dipped into various dyes, creating a colorful pattern on the shirt. Decl. of William Rabadan ¶¶ 7–10, attached to Mot. at Ex. B (hereinafter "Rabadan Decl."). The USA Ultra Spiral Design t-shirt is tie-dyed red, white, and blue in a spiral pattern. Marks Decl. ¶¶ 6–7. The Orange Ultra Spiral Design shirt is dyed in orange and yellow in a similar spiral pattern. Id. Plaintiff registered copyrights in the two designs and was issued certificates of registration in January 2007. Id. ¶ 14; Registration

Certificates, attached to Resp. at Tab B.

Defendant sells "style C1966" and "style DW520" spiral tie-dye t-shirts in various colors. Decl. of Thomas Myers ¶¶ 5, 7, 12, attached to Mot. at Ex. A. Allegedly after viewing Plaintiff's designs, Defendant has offered style C1966 and DW520 t-shirts for sale with colors similar to those in Plaintiff's t-shirts. See Resp. 4; Tab D, attached to Resp. (illustrating catalog offering DW520 in "Patriotic" and "Oranges"); Tabs E and F, attached to Resp. (illustrating catalog offering C1966 in "USA" and "Oranges"). Based upon Defendant's offerings, Plaintiff filed suit for copyright infringement. Defendant now moves for summary judgment, contending that Plaintiff cannot prove that it possesses valid copyrights in its two designs and counter-claims for costs and attorneys' fees.

## II.     LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts

immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

### III.  PLAINTIFF'S COPYRIGHT CLAIM

To establish a claim for copyright infringement, Plaintiff must establish "ownership of a valid copyright" and "copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); see also Dam Things From Denmark v. Russ Berrie & Co., 290 F.3d 548, 561 (3d Cir. 2002). Defendant asserts that Plaintiff's works are insufficiently creative to obtain copyright protection.[1] Originality is "the sine qua non of copyright." Feist, 499 U.S. at 348. "In order to satisfy the 'original works' requirement [of copyright], a work must be original . . . in the sense that it shows creativity." Southco, Inc. v. Kanebridge Corp., 390 F.3d 276, 281 (3d Cir. 2004); see also 17 U.S.C. § 102(a). This requirement, while "not particularly stringent," does require that the author "display some minimal level of creativity." Feist, 499 U.S. at 358.

The determination of whether a work is "subject to copyright protection is a matter of law for the Court." William A. Graham Co. v. Haughey, 430 F. Supp. 2d 458, 465 (E.D. Pa. 2006) (citing Yankee Candle Co. v. Bridgewater Candle Co., 259 F.3d 25, 34 n.5 (1st Cir. 2001)). The

---

[1] Defendant also asserts that Plaintiff's claim must fail because Plaintiff cannot prove that Defendant copied its works and because Plaintiff allegedly perpetrated fraud on the Copyright Office in registration. Because the Court will grant summary judgment for Defendant based upon the issue of copyrightability, it need not reach those contentions.

3

issuance of a certification by the Copyright Office does not resolve the question of whether an item is copyrightable; in the context of a challenge that a work lacks sufficient creativity to receive copyright protection, registration merely places the burden on the defendant to prove that the work is not copyrightable.  See Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 669 & n.7 (3d Cir. 1990); see also Haughey, 430 F. Supp. 2d at 468 ("[The Third Circuit] Court of Appeals has recognized that 'a claim to copyright is not examined for basic validity before a certification is issued.'" (quoting Masquerade Novelty, 912 F.2d at 667)).

Tie-dying is a widely used method for decorating t-shirts, and the spiral design employed by both parties is a common tie-dye pattern.  Rabadan Decl. ¶¶ 12, 15 (stating that spiral tie-dye shirts have been manufactured and sold for decades); How-To Guides, attached to Mot. at Tabs 2–4, 7 (including several how-to guides on tie-dying that describe how to produce spiral patterns); see also Various Online Catalogs, attached to Def. Mot. at Tab 8 (listing spiral design tie-dye shirts for sale).  Acknowledging these facts, Plaintiff contends that its copyright protection is not for the spiral tie-dye pattern itself, but for the "original selection of colors and their arrangement" in the spiral design.  Resp. 12; see also Marks Decl. ¶ 12 ("Banzai's copyright infringement claims are limited to copies of designs consisting of the color patterns that are unique to the copyrighted [designs].").

As a threshold matter, "color by itself is not subject to copyright protection."  Boisson v. Banian, Ltd., 273 F.3d 269, 270 (2d Cir. 2001) (citing 37 C.F.R. § 202.1(a)).  Nevertheless, "an original combination or arrangement of colors should be regarded as an artistic creation capable of copyright protection."  Id. (quoting 1 Nimmer on Copyright § 2.14, at 2-178).  However, Plaintiff's arrangement lacks the minimum creativity to be regarded as original.  Plaintiff admits

4

that the tie-dye spiral design is common and not proprietary to Plaintiff, so its only unique contribution was to select the colors red, white, and blue in one design and orange and yellow in the other.[2]  Neither of these selections shows a modicum of creativity.  Red, white, and blue are commonly matched colors, perhaps most notably on the American flag.  Orange and yellow are adjacent in the spectrum of colors visible to the human eye.  Placing these basic, predictable color combinations into a pre-existing design does not satisfy the minimum creativity necessary to establish a valid copyright.  See Magic Marketing, Inc. v. Mailing Servs. of Pittsburgh, Inc., 634 F. Supp. 769, 771–72 (W.D. Pa. 1986) ("[T]he 'author' must contribute more than a trivial variation of a previous work."); cf. Silverstein v. Penguin Putnam, 522 F. Supp. 2d 579, 599 (S.D.N.Y. 2007) ("A compilation may lack the requisite creativity where . . . the author made obvious, garden-variety, or routine selections.").

Accordingly, Plaintiff's t-shirts fail to qualify for copyright protection, and Defendant's Motion for Summary Judgment as to Plaintiff's Amended Complaint will be granted.

## IV.    DEFENDANT'S COUNTER-CLAIM

Defendant moves to recover costs and attorneys' fees.  The Copyright Act provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  "The copyright statute does not include a requirement that a case be exceptional to permit an award of fees," and "[b]ad faith need not be shown to justify the award of attorney's fees."

---

[2]    Plaintiff does not assert protection for the particular relative position of the colors as embodied in its shirts or the specifc width or number of the color stripes.

Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 281 (3d Cir. 2000). The Court should take into consideration factors including (1) the frivolousness of the suit; (2) the motivation of the parties; (3) the objective unreasonableness of the suit (both in the factual and the legal components of the case); and (4) the need in the particular circumstances to advance considerations of compensation and deterrence. See Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986).

An award of costs and attorneys' fees is warranted in this case. Plaintiff's claim, based upon its selection of two or three commonly-combined colors in what it admits is an otherwise unprotectable design, is objectively unreasonable and frivolous.[3] Further, awarding fees here will deter businesses producing uncopyrightable works from filing unreasonable suits. While there is no indication that Plaintiff acted with improper motivation, because the other three factors are met, the Court will award costs and fees to Defendant.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted. An appropriate Order follows.

---

[3] While Plaintiff states that it should be entitled to rely on the certificates that the Copyright Office issued, it should have been aware that issuance is not dispositive as to copyrightability.